IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RODERICK MCKISSICK** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL NO. 5:11-CV-364-MTT-CHW |
| | : | |
| Commissioner **BRIAN OWENS** and Governor **NATHAN DEAL,** | : | |
| | : | |
| Defendants | : | |

_____

### ORDER

Plaintiff **RODERICK MCKISSICK,** an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   After an initial review of Plaintiff's Complaint, the Court finds that the Complaint fails to state a claim and must therefore be **DISMISSED**. See 28 U.S.C. § 1915A(b)(2). Thus, leave to proceed *in forma pauperis* will be **GRANTED**, but only for the purpose of dismissal.

Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations

and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

When reviewing Plaintiff's Complaint under 28 U.S.C. § 1915A, this Court is required to view all factual allegations therein as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Plaintiff's *pro se* pleading must also be held to a less stringent standard than pleadings drafted by attorneys and thus be liberally construed. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

In the present Complaint, Plaintiff alleges that he has been unable to get vegan meals at multiple correctional facilities over the past year. Plaintiff's religion apparently requires that he eat a vegan diet. Plaintiff further alleges that he was subjected to retaliatory transfers when he complained and filed grievances about the meals. There were, presumably, multiple prison officials personally involved with the alleged denials and transfers. Plaintiff, however, failed to name any of those individuals as parties to the present action.

The named defendants in this action are the **Commissioner of the Georgia Department of Corrections, Brian Owens**, and the **Governor of the State of Georgia, Nathan Deal**.   The body of the Complaint does not include specific allegations against either of these defendants.   Plaintiff only briefly alleges that he "notified" or "contacted" Brian Owens about the problem and asserts that Governor Deal and prison officials are required by law to honor his requests for a religious diet. The Free Exercise Clause of the First Amendment does indeed grant prisoners a limited right to receive a diet consistent with his religious beliefs. See Harris v. Ostrout, 65 F.3d 912, 918 n. 5 (11th Cir.1995); Martinelli v. Dugger, 817 F.2d 1499 (11th Cir.1987).

However, the bare allegations against the named Defendants fail to demonstrate that either official took part in the alleged constitutional violations or that they may otherwise be held personally responsible denying Plaintiff a diet consistent with his religious beliefs. Defendants are thus entitled to dismissal. It is well-settled that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Moreover, it is apparent from the Complaint that Plaintiff named Defendants solely because of their official responsibilities over the Department of Corrections. Supervisory officials, however, are not liable for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).   To state a viable §1983 claim against a supervisory official, a plaintiff must allege that the defendant personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id.   Plaintiff has not linked either of

the state officials named in the Complaint to the constitutional violations alleged here.

Plaintiff cannot state a claim against either Defendant simply based on the fact that he may have appealed the denial of his grievances to the Office of the Commissioner or otherwise attempted to contact these high-ranking state officials by letter. The mere fact that a prison official denies a grievance is insufficient to impose liability under §1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (per curium); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Nichols v. Burnside, 2011 WL 2036709 *3 (M.D. Ga. April 21, 2011) (quoting Owens v. Leavins, 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006)).   Conclusory allegations that state officials were aware of and failed to remedy Plaintiff's problem are likewise insufficient to state a claim upon which relief may be granted. See Thompson v. Carani, 2007 WL 2317290 at *2 (S.D. Ga. Aug.10, 2007); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (refusing to impose liability on official who merely failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005–06 (7th Cir.1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions).   While Plaintiff may possibly believe that Defendants are involved in or aware of a state-wide policy or practice of denying prisoners a diet consistent with their religious beliefs, he has not alleged as much in the present Complaint.   Plaintiff's factual allegations simply do not to raise a right to relief above the speculative level, and thus his Complaint fails to state a claim.   See Twombly, 550 U.S. at 555-56.

Plaintiff also fails to demonstrate that he is entitled to immediate injunctive relief. In his Complaint, Plaintiff requests that this Court enter an order directing officials to transfer him "back to Macon State Prison" where he will be provided a vegan diet. Plaintiff subsequently filed a "Motion for Preliminary Injunction," which presumably seeks the same relief.   Prisoners, however, have no constitutional right to remain in, or be transferred to, a particular institution. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Thus, Plaintiff has no legal right to a court order directing his transfer. Plaintiff has likewise failed to allege that he is in imminent danger of serious bodily harm so as to warrant relief of this nature. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006).   Plaintiff's Motion for Preliminary Injunction [Doc. 6] is therefore **DENIED**.

Plaintiff has also filed a Motion for Appointment of Counsel [Doc. 5]. The Court finds that the issues raised in Plaintiff's Complaint are neither so novel nor so complex that he needed counsel at this stage of the proceeding. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's Motion for Counsel is thus also **DENIED**.

**CONCLUSION**

After reviewing the Complaint and accepting all the allegations therein as true, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.   The present Complaint is, therefore, **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(2).   If he chooses, Plaintiff may re-file this action; but in doing so, he should name as defendants those individuals who were personally involved with the alleged violations and fully describe the specific actions taken by each of the named defendants or the duties they failed to perform that allegedly violated his constitutional rights.

Defendant's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] is **GRANTED**, but only for the purpose of this dismissal.   Plaintiffs' Motions for Preliminary Injunction and for Appointment of Counsel [Doc. 5 & 6] are **DENIED**.

**SO ORDERED**, this 13th day of October, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr