IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RODERICK MCKISSICK,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | CIVIL NO. 5:11-CV-364-MTT-CHW |
| | : | |
| Commissioner **BRIAN OWENS** and | : | |
| Governor **NATHAN DEAL,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff **RODERICK MCKISSICK,** an inmate at Telfair State Prison in Reidsville, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. ▪1983 on September 15, 2011. After conducting a preliminary review of his Complaint, this Court found that Plaintiff's allegations failed to state a claim and dismissed his Complaint. *See* 28 U.S.C. § 1915A(b)(2). However, because a more carefully drafted complaint could have potentially stated a claim, Plaintiff's Complaint was dismissed "without prejudice." *See Washington v. Wigington*, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice.").

Thus, at the time of dismissal, the Court instructed Plaintiff that, if he desired to purse his claims, he could file a new action. The Court did not *sua sponte* grant Plaintiff leave to amend his Complaint before or after dismissal; nor was the Court required to. *See Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to

amend where it dismisses a complaint without prejudice."(emphasis in original)).

Nonetheless, Plaintiff has since filed multiple motions and amendments to his Complaint in this case.   Each of these motions has been either denied or dismissed. While it is true that Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course, "Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua County, FL*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)).   A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Civil Procedure Rule 59(e) or Rule 60(b)(6). *Id.* (internal alterations omitted); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed unless and until the judgment is vacated under, say, Fed.R.Civ.P. 60").   "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011).

Plaintiff has now filed "Motion to Amend Judgment" pursuant to Federal Rule 59 and a "Motion for Default Judgment."   Under Rule 59, "[a] motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment." Fed.R.Civ.P. 59(e). Plaintiff's present motion was filed nearly five months after judgment was entered and should therefore be dismissed as untimely. *See id*; *see also Brandau v. Warden, FCC Coleman-Medium*, 476 F. App'x 367, 369 (11th Cir. 2012) ("Rule 59(e)'s

2

time limit is mandatory—district courts do not have authority to extend the 28–day deadline."). Moreover, even if Plaintiff's request for relief from judgment had been timely, his Motion falls well-short of meeting the stringent legal standard under Rule 59(e). Plaintiff fails, in fact, to articulate any legal argument why relief from the September 15 Judgment might be appropriate or permissible at this juncture. Plaintiff's Motion to Amend Judgment (Doc. 18) is accordingly **DENIED**.

Plaintiff's Motion for Default Judgment (Doc. 22) is frivolous, as Defendants were never served. For this reason, the Motion is **DISMISSED**.

**SO ORDERED**, this 25th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr